UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ARNOLD ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 17-4217 |
| | ) |
| MS. MORRIS, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MERIT REVIEW ORDER

The plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Circ. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its

face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges in his complaint that Rushville officials failed to return several items of personal property following his return to the facility from the Illinois Department of Corrections. According to Plaintiff, Rushville officials told him they have no record of his belongings. Plaintiff also alleges that Rushville officials have refused to allow him to share a room with a resident of his choosing, and that his health issues are being overlooked because of laziness.

The confiscation or destruction of personal property does not violate due process where state law provides a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). Plaintiff has an adequate remedy available to him in the Illinois Court of Claims. *See Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993). Rushville officials also have no constitutional duty to provide Plaintiff with the ability to choose his own roommate; they must only take reasonable steps to avoid subjecting a resident to a known risk of harm. *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015). Plaintiff does not present any information regarding his medical conditions. Therefore, the Court finds that Plaintiff fails to state a constitutional claim.

Finally, the Court ordered Plaintiff to pay an initial filing fee of $31.55. Plaintiff was granted an additional 30 days to pay the filing fee and warned that failure to pay the filing fee would result in dismissal of this case. *See* Text Order entered September 27, 2017. Plaintiff has failed to pay the initial filing fee. Although Plaintiff filed a second motion to waive the filing fee, he had a balance of approximately $200.00 in his trust fund account at the time he filed this lawsuit. Plaintiff's claims will accordingly be dismissed without prejudice.

**It is therefore ordered:**

1) Plaintiff's Motion to Ask for Fee Extend and Restraining Order (#7) and Motion (#8) are denied. To the extent that Plaintiff

seeks injunctive relief, he has not shown a reasonable likelihood of success on the merits, and the Court lacks authority to grant injunctive relief absent a relationship between the pleadings and the relief sought in the motion. *See Pacific Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).

2) Plaintiff's motion for leave to proceed in forma pauperis (#2) is denied.

3) The plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A, and for failure to pay the initial filing fee as directed by the Court. This case is closed. All pending motions not addressed above are deemed MOOT.

4) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 2nd day of February, 2018

/s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE